IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**FEDERAL DEPOSIT INSURANCE COPORATION, as Receiver for Doral Bank,**

**Plaintiff,**

**v.**

**CESAR BETANCOURT PEREZ, JESENIA RENDON ACEVEDO, et al.,**

**Defendants.**

CIVIL NO. 15-2125 (GAG)

## OPINION AND ORDER

Federal Deposit Insurance Corporation ("FDIC" or "Plaintiff") moves for summary judgment on a counterclaim asserted by Defendants Cesar Betancourt Perez and Jesenia Rendon Acevedo ("Defendants"). (Docket No. 7.) FDIC's motion is unopposed. Defendants did not comply with the administrative claims process governing federally controlled failed banks. As a result, those statutory rules strip this Court of jurisdiction to hear Defendants' counterclaim. Upon review, FDIC's motion is **GRANTED**. (Docket No. 11.)

**I.  Relevant Facts and Procedural Background**

On February 27, 2015, FDIC was appointed as receiver for Doral Bank ("Doral"). (Docket No. 7-1, ¶ 1.) Following its appointment, FDIC published notice in two local newspapers informing Doral's creditors of the receivership and advising that any claims against Doral must be asserted against FDIC by June 4, 2015 (the "claims bar date"). Id. Notice was published on March 6, 2015; then republished on April 6, 2015 and May 5, 2015. Id.

On May 14, 2015, FDIC mailed notice directly to Defendants at the address listed in Doral's books and records. Id. at ¶ 2. The mailed notice specified the claims bar date and

**Civil No. 15-2125 (GAG)**

included information on how to submit a proof of claim to FDIC directly.  Id.  As of this date, Defendants have not submitted a proof of claim to FDIC.  Id.

On August 18, 2015 FDIC removed this case from the Court of First Instance, Trujillo Alto Part, in the Commonwealth of Puerto Rico.  (Docket No. 1.)  Defendants had previously asserted a counterclaim against Doral in the removed case.  (Docket No. 1-4.)

FDIC moves for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, arguing this Court lacks subject-matter jurisdiction over Defendants' counterclaim. (Docket No. 7.)  FDIC's argument is purely jurisdictional.  As such, the motion is properly considered under Rule 12(b)(1) of the Federal Rules.  See FED. R. CIV. P. 12(b)(1); see also FDIC v. Ruiz Gallosa, --- F. Supp. 3d ----, No. 15-1714, 2016 WL 6810856, *1 (D.P.R. Nov. 18, 2016) (dismissing counterclaim brought by defendant for lack of jurisdiction).

**II.    Standard of Review**

As courts of limited jurisdiction, federal courts resolve questions of subject-matter jurisdiction before addressing the merits of a case.  Destek Grp. v. State of N.H. Pub. Utils. Comm'n, 318 F.3d 32, 38 (1st Cir. 2003).  The party asserting jurisdiction has the burden of demonstrating its existence.  Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998).  If it appears at any time that the Court lacks the statutory or constitutional power to adjudicate the case, the suit must be dismissed.  Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006); Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996).

Rule 12(b)(1) of the Federal Rules of Civil Procedure offers the appropriate mechanism for challenging a court's subject-matter jurisdiction.  Valentín v. Hosp. Bella Vista, 254 F.3d 358, 362 (1st Cir. 2001).  Rule 12(b)(1) motions are reviewed under a standard similar to Rule 12(b)(6).  Boada v. Autoridad de Carreteras y Transportación, 680 F. Supp. 2d 382, 384 (D.P.R.

2010) (citing Negrón–Gaztambide v. Hernández–Torres, 35 F.3d 25, 27 (1st Cir. 1994)). The district court must credit the non-movant's well-pled factual allegations and draw all reasonable inferences in their favor. Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010) (citing Hosp. Bella Vista, 254 F.3d at 363). However, the court's inquiry is not necessarily limited to the parties' pleadings, and may include whatever evidence has been presented in the case. Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996).

### III.     Discussion

The Financial Institution Reform, Recovery, and Enforcement Act of 1989, Pub. L. No. 101-73, 103 Stat. 183 ("FIRREA"), facilitates the process by which insolvent financial institutions are rehabilitated or liquidated. Acosta-Ramírez v. Banco Popular de P.R., 712 F.3d 14, 18 (1st Cir. 2013). FIRREA establishes that the FDIC, as receiver, succeeds to "all the rights, titles, powers, and privileges of the insured depository institution." 12 U.S.C. § 1821(d)(2)(A). In order for the FDIC to evaluate and determine claims against a failed institution, FIRREA establishes "a mandatory administrative claim process, which shall be exhausted by every claimant." FDIC v. Estrada-Rivera, 813 F. Supp. 2d 265, 268 (D.P.R. 2011) (citing Lozada v. FDIC, No. 10-1644 (JAG), 2011 WL 2199369, at *1 (D.P.R. Jun. 06, 2011)).

FIRREA sets forth certain notice requirements for the claims review process. FDIC must publish notice informing the failed bank's claimants of their obligation to present a proof of claim by the claims bar date. See § 1821(d)(3)(B)(i). The claims bar date cannot be less than ninety (90) days after publication of the notice of the receivership. Id.; FDIC v. Kane, 148 F.3d 36, 38 (1st Cir. 1998). The notice must be republished twice, approximately one and two months after the initial publication of the notice. § 1821(d)(3)(B)(ii).

**Civil No. 15-2125 (GAG)**

FDIC must also mail notice to the failed bank's creditors, notifying them of FDIC's appointment and of their obligation to present proof of claims by the claims bar date. § 1821(d)(3)(C). If a claimant files a timely claim, FDIC has authority to determine the claim in accordance with FIRREA's procedures. § 1821(d)(3)-(6). When a claimant fails to comply with the administrative claims review process, FIRREA deprives federal district courts of jurisdiction to hear the claim, subject to limited exceptions. § 1821(d)(13)(D).

FDIC seeks summary judgment since Defendants failed to file the required proof of claim. (Docket No. 7.) Here, FDIC was appointed receiver for Doral on February 27, 2015. (Docket No. 7-1 ¶ 1.) FDIC published the required notice in two local newspapers over ninety (90) days before the June 4, 2015 claim bar date and republished notice twice, as required by FIRREA. Id. Additionally, FDIC sent Defendants notice by mail on May 14, 2015. Id. at ¶ 2.

FDIC's notices sufficiently complied with FIRREA. Defendants, on the other hand, failed to comply with FIRREA's administrative framework. Defendants' failure to comply with the administrative claims review process strips this Court of subject-matter jurisdiction over Defendants' counterclaim. § 1821 (d)(13)(D); Acosta-Ramírez, 712 F.3d at 19. Since this Court lacks the power to hear Defendants' counterclaim, the counterclaim must be dismissed.

**IV.    Conclusion**

For the reasons expressed above, the Court **GRANTS** Plaintiff's motion for summary judgment at Docket No. 7 and **DISMISSES with prejudice** Defendants' counterclaim.

**SO ORDERED.**

In San Juan, Puerto Rico this 21st day of December, 2016.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPÍ
United States District Judge

4